# **EXHIBIT 1**

Filing # 44418713 E-Filed 07/26/2016 11:26:14 AM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI DADE
COUNTY, FLORIDA.

CASE NO: _____

HELI FUENMAYOR,
and other similarly situated individuals,

    Plaintiff (s),

vs.

HIGH TECH ENGINEERING
INCORPORATED d/b/a
HIGH TECH LOCATING
a Florida Profit Corporation and
MANUEL CALVO, Individually,

    Defendant (s).

_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, Plaintiff, HELI FUENMAYOR ("Plaintiff"), on behalf of himself and other current and former similarly situated employees, by and through undersigned counsel, file this Complaint against Defendants, HIGH TECH ENGINEERING INCORPORATED., a Florida Profit Corporation and MANUEL CALVO, Individually ("Collectively Defendants") and states as follows:

### JURISDICTION

1. This is an action by the Plaintiff, and other similarly-situated individuals, for damages exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA"), to recover unpaid overtime and/or minimum wage compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, residents in Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, HIGH TECH ENGINEERING INCORPORATED, having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, MANUEL CALVO, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, HIGH TECH ENGINEERING INCORPORATED.

6. Venue is proper in Miami Dade because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff, HELI FUENMAYOR was employed with Defendants from approximately October 2013 to May 6, 2016 as a non-exempt underground utility locator technician.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. Defendant failed to compensate Plaintiff at the required minimum wage and at rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week. Plaintiff should be compensated at the correct minimum wage and the rate of

one and a half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) per week, as required by the FLSA.

12. During the relevant time period Plaintiff performed approximately forty five (45) hours per week.

13. Therefore, Plaintiff performed approximately five (5) hours of overtime each week for which Defendants failed to pay Plaintiff at one-and-one-half times his regular rate of pay.

14. Plaintiff was paid thirteen dollars and fifty cents ($13.50) for hours worked every week.

15. At all times material hereto Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

16. From on or about **October 2013 to May 6, 2016**, Plaintiff HELI FUENMAYOR's overtime rate is $20.25 [$13.50 (hourly rate) (x) 1.5=$20.25 (overtime rate) for each of Plaintiff's approximate five (5) hours of overtime weekly. Plaintiff seeks this rate for all his unpaid overtime hours.

17. As such from on or about October 2013 to May 6, 2016, Plaintiff is owed approximately **$13,668.75** [$20.25 (overtime rate) (x) 5 (hours of overtime) (x) 135 weeks in **unliquidated** overtime wages).

18. Therefore, from on or about March 27, 2013 to April 15, 2016, Plaintiff is owed approximately $13,668.75 in unpaid overtime wages, plus an additional equal amount as **liquidated** damages, totaling **$27,337.50**.

**COUNT I**
*Wage & Hour Federal Statutory Violation Against*
*HIGH TECH ENGINEERING*
*INCORPORATED*

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

20. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.

21. 29 U.S.C. § 207 (a)(I) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

22. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

23. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

24. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

25. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve

those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

26. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

27. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

28. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

29. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>COUNT II</u>
*Wage & Hour Federal Statutory Violation Against MANUEL CALVO*
*(Non-Payment of Wages)*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this Complaint as if set out in full herein.

31. At the times mentioned, Defendant CALVO was, and is now, a corporate officer of corporate Defendant HIGH TECH ENGINEERING INCORPORATED.

32. Defendant CALVO was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that Defendant CALVO acted directly in the interests of the corporate Defendant-employer in relation to the employees of the corporate Defendant-employer, including Plaintiff.

33. The FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"[1]

34. Based on this broad definition, Defendant CALVO, in his status as a corporate officer with operational control of a Defendant-corporation's covered enterprise is an employer along with the Defendant-corporation, jointly and severally liable under the FLSA for unpaid wages."[2]

35. Defendant CALVO willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant CALVO:

    a. Adjudge and decree that Defendant CALVO has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

---

[1] *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)
[2] *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)

b. Adjudge and decree that Defendant CALVO is an individual with operational control and is, thus, jointly and severally liable under the FLSA for unpaid wages at issue;

c. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

d. Award Plaintiff an equal amount in double damages/liquidated damages; and

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

g. Grant Plaintiff a Trial by Jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated 7-26-16

Respectfully submitted,

Jason S. Remer, Esq.
Florida Bar No.: 0165580
jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI DADE
COUNTY, FLORIDA.

CASE NO: 2016-019178-CA-01

HELI FUENMAYOR,
and other similarly situated individuals,

    Plaintiff (s),

vs.

HIGH TECH ENGINEERING
INCORPORATED d/b/a
HIGH TECH LOCATING
a Florida Profit Corporation and
MANUEL CALVO, Individually.

    Defendant (s).

_____/

employee

Octavio
Vidal

1130A

8/23

SUMMONS IN A CIVIL CASE

TO: HIGH TECH ENGINEERING INCORPORATED d/b/a
HIGH TECH LOCATING, through its Registered Agent:
CALVO, MANUEL
13284 SW 120th Street
MIAMI, FL 33186

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

AUG 22 2016

CLERK                                                        DATE
(BY) DEPUTY CLERK